# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D C.-Atlanta

JUN 13 2006

LUTHER D. THOMAS, Clerk
By. _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUSAN WILLIAMSON and          :
ROBBYN WOOD,                   :
                              :        CIVIL ACTION FILE NO.
        Plaintiffs,            :
                              :        **06 CV 1414**
v.                             :
                              :        FAIR LABOR STANDARDS
PORTSBRIDGE HOLDINGS, INC.,    :        ACT COMPLAINT
                              :
        Defendant.             :

## COMPLAINT

Plaintiffs Susan Williamson [hereinafter "Williamson"] and Robbyn Wood [hereinafter "Wood"], collectively "Plaintiffs", bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et. seq. [hereinafter FLSA] against their employer, Portsbridge Holdings, Inc. [hereinafter "Portsbridge" or "Defendant"], to recover unpaid back wages for overtime compensation, liquidated damages, reasonable attorney's fees and expenses of litigation on the grounds set forth below:

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and §1337.

This Court also has jurisdiction pursuant to 29 U.S.C. §216(b).

2.

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendant resides in this district and a substantial part of the events giving rise to this litigation arose in this district.

3

This action is brought by past and present employees of Portsbridge for violation of the FLSA, based upon the Defendant's failure to properly compensate employees as required under the FLSA for wages earned while working multiple full time work shifts, including weekend and weeknight on-call duty during which responding to after hours calls and emergencies was required.

## PARTIES

4.

Plaintiffs are present and former employees of Portsbridge Holding, Inc. who provide health care services for Hospice patients. Ms. Williamson and Ms. Wood are citizens of the State of Georgia.

5.

Plaintiffs bring this action on behalf of themselves and any similarly situated

employees who, pursuant to 29 U.S.C. §216(b), consent to the resolution of their FLSA claims in this legal action. Each Plaintiff has expressly consented to the initiation of this lawsuit and grants to this Court the authority to adjudicate their individual FLSA claims. The number of Plaintiffs may from time to time be increased as other similarly situated individuals "opt-in" to this litigation, pursuant to 29 U.S.C. §216(b).

6.

Defendant Portsbridge Holding, Inc is a Georgia Corporation, with its place of principal business in Atlanta, Georgia and therefore is subject to the jurisdiction of this Court. Portsbridge is also an employer within the meaning of the FLSA, 29 U.S.C. § 203(d). Portsbridge is in the business of providing Hospice care, both at Hospice facilities and in patient homes. Portsbridge may be served with process via its Registered Agent H. Ben Bentley, at the address of 115 Huntington Park Drive, Fayetteville, Georgia 30214.

## FACTUAL ALLEGATIONS

7.

Plaintiffs are employees within the meaning of the FLSA and are expressly covered by the protections of 29 U.S.C. §207(a).

-3-

8.

Over the preceding three years, Williamson has worked a regular forty (40) hour a week schedule of eight (8) hours per day, Monday through Friday, 8.00 a.m. to 5:00 p.m., as a hospice home care case manager for Portsbridge. As a home care case manager, Williamson's primary duties are to attend to the nursing needs of all home care patients assigned to her care.

9.

In addition to her regular work week, Williamson also worked Monday through Thursday, 5:00 p.m. to 8:00 a.m., (fifteen (15) hours per night) as the on-call nurse for any emergencies, admissions, deaths, and after hour needs that may arise and accepts all phone calls concerning home care patients during her on-call shift Portsbridge considered the week night on-call position (working Monday through Thursday, 5:00 p m. to 8:00 a.m.) to be a full time job. Occasionally, Williamson worked the weekend shift which runs from Friday at 5:00 p.m. through Monday at 8:00 a.m. Williamson continues to work multiple full time shifts

10.

Williamson's duties while acting as the on-call nurse for week nights and weekends are extensive. Williamson's duties while on-call include performing call

triage, directing calls to physicians as needed, responding to the nursing care needs of all home care patients under the care of the Conyers office (and occasionally patients of other offices) pain management, admitting patients, making home visits, pronouncing deaths, documenting each and every contact made during a given on-call shift, and any other tasks necessitated by her position.

11.

On average Williamson receives between eight (8) and ten (10) calls per night and spends between two (2) and four (4) hours a night either making home visits, admitting patients, pronouncing deaths or making a hospital visit.

12

From June 2003 to March 2006, Portsbridge paid Williamson eight (8) hours per day at her regular hourly rate for each work day of her Monday through Friday 8:00 a.m. to 5:00 p.m regular work week. For the evening shift worked by Williamson, she received ten (10) hours worth of pay at her regular rate of pay for each fifteen (15) hour evening shift worked. From March 2006 to the present, Portsbridge has paid Williamson ten (10) hours worth of straight pay per night of fifteen (15) hours worth of work (week nights from 5:00 p m. to 8:00 a.m.) and eight (8) hours worth of pay at time and one half her regular rate of pay for each week day

-5-

shift of 8:00 a.m. to 5:00 p.m.

13

Wood is a former employee of Portsbridge.  Wood began working for Portsbridge in late 2002.

14.

From approximately June 2003 to June 2005, Wood worked two full time jobs for Portsbridge.  Wood worked a regular forty (40) hour work week consisting of Monday through Friday, 8:00 a.m. to 5:00 p.m.  In this capacity, Wood was a patient care coordinator for Portsbridge's Macon office's home care division.  Wood was paid forty (40) hours a week straight pay for this position.

15.

Also from approximately June 2003 to June 2005, Wood served as the weekend on-call nurse.  In this capacity, in addition to working her regular work week, Wood was on-call from Friday at 5:00 p.m. through Monday at 8:00 a.m.  Also, Plaintiff Wood occasionally worked a week night on-call shift (from 5:00 p.m to 8:00 a.m.).  Portsbridge considered the sixty-three (63) hour weekend shift to be a full time position.

16.

From June 2005 through October 2005, Wood worked two full time jobs for Defendant. She worked the week night on-call shift (Monday through Thursday 5:00 p.m. to 8:00 a.m.). For each fifteen (15) hour shift, Wood was only paid her regular hourly rate of pay for ten (10) hours. Wood also worked the sixty-three (63) hour weekend shift. Wood was paid for forty (40) hours worth of work at her regular rate of pay for her weekend shift. Both Wood's weekend and weeknight jobs were performed for the Macon office   During this same time period, Wood would also make home care visits for the Conyers' office during regular business hours.

17.

From October 2005 until Wood's resignation, Wood acted as case manager for the Conyers office working Monday through Friday 8:00 a.m. to 5:00 p.m. Additionally, Wood occasionally picked up a week night on-call shift   Whenever Wood worked the night shift, she received ten (10) hours worth of straight pay for the fifteen (15) hours of overtime worked.

18.

Plaintiff Wood's duties while acting as an on-call nurse, either after hours during the week and over the weekend, are the same as those of Williamson - triaging

-7-

calls, contacting physicians as needed, responding to the nursing needs of home care patients under the care of the Macon office (and occasional patients from other offices), pain management, admitting patients, making home visits, pronouncing deaths, documenting all contacts made while on-call, and any other tasks required.

19.

While working the evening shift, Wood averages two (2) to ten (10) calls per evening. Frequently, these calls require hours worth of work. Wood also received numerous calls and call outs when she worked the weekend shift.

20.

Portsbridge requires Plaintiffs and other like employees to monitor a telephone at all times, without any relief, during their time on-call. Portsbridge on-call employees must be ready to travel to patient sites as soon as called.

21

Plaintiffs and other on-call employees are required by Portsbridge to wait to respond to after hours emergency calls. They therefore must remain within a specific geographic radius which will permit them to receive and promptly respond to calls. Current Medicare guidelines dictate a response time of no greater than one (1) hour. The geographic restriction imposed on standby employees limits the employees'

-8-

ability to on-call time for personal pursuits, and as such the FLSA requires Portsbridge to compensate on-call employees for their waiting time.

22.

A critical and essential element of the health care services provided by Portsbridge is after hours response capability and after hours quality nursing care for terminally ill patients

23.

During an on-call shift, either week night or weekend, an employee's ability to pursue personal pursuits is severely restricted. For example, employees cannot schedule a vacation, travel too far from their home, be at home alone with young children, entertain, consume alcoholic beverages, or risk attending a movie or any other event where his attendance is required during the on-call period. Portsbridge on-call employees take numerous calls and travel to patient locations frequently during any given on-call night or day.

24.

Employees' personal activities are routinely interrupted while on-call.

-9-

25.

While conceding the need for a full time night shift and weekend shift, rather than staff these shifts with employees dedicated solely to these shifts, Portsbridge has required its full time employees to staff a night shift and weekend shift to handle all emergency after hours calls and emergencies. Many employees, like Plaintiffs, worked multiple full time jobs simultaneously.

26.

Plaintiffs are severely restricted in their ability to pursue their personal interests during the time on-call. By virtue of the requirement that Plaintiffs take numerous calls, respond to any patient need, and the frequency with which such calls are received, Plaintiffs are unable to schedule and commit to personal pursuits while working on-call. The geographic restrictions imposed by Portsbridge's on-call requirement prohibit Plaintiffs from engaging in personal pursuits outside the immediate geographic area. Thus, the limitations created by Portsbridge's on-call requirements prohibit the Plaintiffs from using their standby time effectively for their own purposes.

27.

Plaintiffs are never completely relieved from duty during the week they serve

-10-

in the evening on-call capacity following completion of their regular shift. Plaintiffs must continue to monitor their telephones

28.

Portsbridge has had a policy and practice of treating employees on-call positions (night and evening work shifts) as work, as defined under the FLSA and relevant regulations.

29.

While consistently treating the evening and weekend shifts as "work," Portsbridge uniformly failed to pay these employees overtime wages for the hours worked in excess of forty (40) hours a week.

30.

The nature of the tasks performed by Plaintiffs and other like employees demands an immediate  response to the medical needs of terminally ill patients. Given the nature of the after hours work performed by these employees, it is self evident that the rapid response time of the on-call personnel is critical to the very purpose of having the employee remain close by, easily reachable, and constantly available. Such restrictions make Plaintiffs' on-call time compensable.

-11-

31.

Frequently, Plaintiffs must exercise discretion and judgment in the performance of their job while on-call. Errors or mistakes in the performance of Plaintiffs' job duties may cause serious personal injury or endanger others.

32.

Portsbridge has not compensated Plaintiffs properly for on-call time worked in excess of forty (40) hours per week on a basis of one and one-half times the employee's regular rate of pay when those excess hours are spent when Plaintiffs are 'engaged to wait' to respond to after hours calls and emergencies.

33

Defendant has failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA (§207) for the Plaintiffs' on-call time spent 'engaged to wait' to respond to calls and emergencies.

34.

Defendant is liable for overtime compensation for any and all on-call time worked in excess of the Plaintiffs' regular forty (40) hours per week shift at the rate of at least one and one-half times the regular rate.

## CLAIMS FOR RELIEF

35

Paragraphs 1 through 34 are incorporated herein by this reference.

36.

Plaintiffs, non-exempt employees of Portsbridge, are entitled to overtime compensation within the meaning of 29 U.S.C §203(e). Each Plaintiff is entitled to the protections of the overtime requirements of the FLSA. Specifically, Portsbridge owes Plaintiffs overtime compensation at the premium one and one half times their regular rate of pay for all compensable hours worked in excess of forty (40) hours in a defined seven (7) day work week

37

Portsbridge's failure to compensate Plaintiffs at the rate of one and one half times their pay for time worked, while they are on-call in excess of their regular forty (40) hours per week shift on a basis of one and one-half times the regular rate of pay, violates §207 of the FLSA.

38.

Portsbridge's long term policy of paying employees who worked on-call constitutes evidence Portsbridge has always considered on-call time, such as the

-13-

evening and weekend shifts, to be work and therefore compensable. Moreover, Portsbridge's recent effort to pay employees at the rate of one and one half times their regular rate of pay for some on-call time constitutes evidence that Portsbridge was aware that Plaintiffs should have been compensated with overtime wages (one and one half times the employee's regular rate of pay) for all hours worked in excess of forty (40).

39.

All time spent on-call or on standby duty must be compensated at the premium rate of time and one half if the Plaintiff-employee required to work on-call has also worked their regular forty (40) hour work week

40.

Such violation is intentional and willful, as Portsbridge knowingly failed to compensate Plaintiffs properly for their on-call time. Said willful violation gives rise to a claim for relief under the FLSA for Plaintiffs for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U S.C. §216

-14-

WHEREFORE, the Plaintiffs request this Court:

(a)     Take jurisdiction of this matter;

(b)     Permit this case to proceed under 29 U S.C §216 for Plaintiffs and for other Portsbridge employees, past or present, who opt to participate by filing proper written notice with the Court,

(c)     Grant a trial by jury as to all matters properly triable to a jury,

(d)     Award the Plaintiffs payment for each on-call hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate of pay, and liquidated damages equalling 100% of on-call time due each class member, as required by the FLSA;

(e)     Award the Plaintiff members prejudgment interest on all amounts owed;

(f)     Issue a declaratory judgment that Plaintiffs are covered by the provisions of the FLSA and that Portsbridge has failed to comply with the requirements of the FLSA,

(g)     Issue preliminary and permanent injunctions directing Portsbridge to comply with the provisions of the FLSA and preventing Portsbridge from reducing the pay of Plaintiffs to offset its overtime liability;

(h)     Award Plaintiffs their attorney's fees and costs; and

-15-

(1)    Award any other such further relief this Court deems just, equitable and

proper

This __13th__ day of June, 2006.

A. LEE PARKS
State Bar No. 563750
ANDREW Y. COFFMAN
State Bar No. 173115

PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street
26th Floor
Atlanta, GA  30309
Tel:   (404) 873-8000
Fax:   (404) 873-8050

-16-